United States District Court
Southern District of Texas
**ENTERED**
February 25, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LUKE C. TEIXEIRA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-357 |
| | § | |
| DALE WAINWRIGHT, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## TO DISMISS CASE

Plaintiff Luke C. Teixiera, a Texas inmate appearing *pro se*, has filed this prisoner civil rights action. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. For purposes of screening and the reasons set forth below, the undersigned recommends that Plaintiff's: (1) complaint be **DISMISSED with prejudice** for failure to state a claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1); and (2) request for class certification (D.E. 4) be **DENIED**. It is further recommended that the dismissal of this case count as a "strike" for purposes of 28 U.S.C. § 1915(g). It is further recommended that the dismissal of this case count as a "strike" for purposes of 28 U.S.C. § 1915(g).

**I.     JURISDICTION**

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

**II.    PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS**

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently confined at the McConnell Unit in Beeville, Texas. Plaintiff was convicted of two aggravated sexual assault charges in Gregg County, Texas, and sentenced on October 9, 2001 to life in prison. Plaintiff's allegations arise in connection with his current housing assignment.

Plaintiff, along with inmates Rodney Johnson, and J. L. Cox, filed a joint prisoner civil rights complaint on October 10, 2019. (*Teixiera, et al. v. Wainwright, et al.*, 2:19-CV-303, D.E. 1). The undersigned subsequently directed each Plaintiff to file a separate civil rights complaint and a separate application to proceed *in forma pauperis* (IFP). (*Id.*, D.E. 7). On November 25, 2019, Plaintiff filed the instant original complaint along with an application to proceed IFP and a request for class certification. (D.E. 1, 2, 4). On December 3, 2019, the undersigned granted Plaintiff's IFP application. (D.E. 8)

In his original complaint, Plaintiff names the following TDCJ officials: (1) Dale Wainwright, Chairman of the Texas Board of Criminal Justice (TBCJ); (2) Brian Collier, TDCJ Executive Director; and (3) Lorie Davis, TDCJ Director. Plaintiff primarily complains of being required to work without compensation or prison-time credits in a

manner that amounts to modern-day slavery. Plaintiff seeks injunctive relief in the form of better policies that actually support rehabilitation.

A *Spears*[1] hearing was conducted on January 6, 2020. The following representations were made either at the *Spears* hearing or in Plaintiff's original complaint (D.E. 1): Plaintiff is 49 years old. Plaintiff broke his foot while working in another unit but now is generally in good health. Plaintiff arrived at the McConnell Unit in February 2018.

Plaintiff works at the McConnell Unit as a boiler operator in which he performs minor maintenance work and other tasks. Plaintiff has worked as a boiler operator for four months. Plaintiff worked at the garment factory for one year before becoming a boiler operator. Plaintiff indicated there are no safety concerns with his work at the McConnell Unit. Plaintiff generally works four twelve-hour night shifts from 5:00 p.m. to 5:00 a.m. and then has four days off. In the garment factory, Plaintiff worked from 6:00 a.m. to 2:00 p.m. five days a week.

Plaintiff testified that he is not eligible for mandatory supervision because he was convicted of an aggravated offense. Thus, while Plaintiff's time sheet indicates he is receiving good-time credits, it accrues no benefit to Plaintiff. Based on his sentence of life in prison, Plaintiff must serve thirty years before he is eligible for parole.

Plaintiff indicated that he had a positive outlook while working various jobs prior to his incarceration. Plaintiff testified that he had a strong work ethic and did not feel the

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

need to steal from his employers. However, in connection with his work obligations in prison, Plaintiff testified that he is not learning certain skills that allow him to rehabilitate. According to Plaintiff, the policies in place in prison make him feel like he is forced to work like a slave "at the end of a whip," in violation of the Thirteenth Amendment. Plaintiff states that: (1) "negative discipline" is the only type of discipline used by prison officials in the work environment; (2) he has no choice in job assignments; and (3) if he refuses to work, then Plaintiff is subjected to disciplinary cases.

Plaintiff has written Defendants, asking them to change policy and provide necessary incentives and motivators in the prison work environment. Defendants, however, have done nothing to change the work environment, and their failure to enact better policies, according to Plaintiff, constitutes deliberate indifference to an inmate's ability to rehabilitate. Plaintiff believes that financial compensation and meaningful good-time credits would be beneficial and would resolve the issue of slave labor.

### III. LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune

defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id*.

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell,* 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

## IV. DISCUSSION

### A. Thirteenth Amendment

Plaintiff claims that the policies in place regarding the work environment, as implemented and enforced by Defendants, violate the Thirteenth Amendment prohibition against involuntary servitude. In support of this claim, Plaintiff asserts that he is forced to work like a slave "at the end of a whip" and without compensation.

The Fifth Circuit, however, has repeatedly held that Plaintiff's Thirteenth Amendment claim fails to state a claim for relief. *See Villarreal v. Morales,* 370 F. App'x 542, 543 (5th Cir. 2010) ("The Thirteenth Amendment ... excepts, from the general prohibition, compelled labor as punishment for a crime. That exception applies even where the inmate, as in Villarreal's case, is not sentenced specifically to labor.") (citation omitted); *Smith v. Dretke,* 157 F. App'x 747, 748 (5th Cir. 2005) ("The Thirteenth Amendment permits involuntary servitude without pay as punishment after conviction of an offense, even when the prisoner is not explicitly sentenced to hard

labor."); *Walton v. Texas Dep't of Criminal Justice, Inst. Div.,* 146 F. App'x 717, 718 (5th Cir. 2005) ("Compelling an inmate to work without pay does not violate the Constitution even if the inmate is not specifically sentenced to hard labor."); *Ali v. Johnson,* 259 F.3d 317 (5th Cir. 2001) ("[I]nmates sentenced to incarceration cannot state a viable Thirteenth Amendment claim if the prison system requires them to work.").

Furthermore, to the extent that Plaintiff's Thirteenth Amendment claim is premised on his allegation he is forced to work by the threat of disciplinary proceedings, such claim is similarly without merit. *See Villareal*, 370 F. App'x at 544. Accordingly, the undersigned respectfully recommends that Plaintiff's Thirteenth Amendment claim be dismissed with prejudice for failure to state a claim for relief.

### B. Due Process

Liberally construed, Plaintiff claims that his work environment violates his due process rights. The Supreme Court has held that due process protections attach only to those punishments that impose an atypical and significant hardship in relation to ordinary incident of prison life, or to those that extend the length or duration of confinement. *Sandin v. Conner*, 515 U.S. 472, 484-86 (1995).

While it is understandable Plaintiff feels aggrieved by his work environment, requiring an inmate to work is not an unusual or atypical condition of confinement. *See Moody v. Baker*, 857 F.2d 256, 257-58 (5th Cir. 1988); *Ibarra v. Fed. Bureau of Prisons*, No. 5:12–CV–139, 2013 WL 6065445, at *3 (N.D. Tex. Nov. 18, 2013). Accepting his allegations as true, Plaintiff alleges no facts to suggest that his work assignment and hours are particularly onerous or dangerous such that they could be viewed as

constituting an atypical and significant hardship on him in relation to the ordinary incidents of prison life.

Furthermore, with respect to his claim that he can accrue no meaningful good-time credits through work, Plaintiff testified that he is ineligible for mandatory supervision based on his underlying conviction. No liberty interest exists with respect to earned good-time credits when an inmate is ineligible for mandatory supervision. *See Stewart v. Crain*, 308 F. App'x 748, 750, 2009 WL 166700. *2 (5th Cir. 2009) ("Because Stewart is ineligible for early release under the Texas mandatory supervision scheme, he has no constitutional protected liberty interest in previously earned good-time credits."). Accordingly, the undersigned respectfully recommends that Plaintiff's due process claims be denied with prejudice for failure to state a claim.

### C. Deliberate Indifference

Plaintiff claims that Defendants' failure to change TDCJ policies in order to provide necessary incentives and motivators in the work environment constitutes deliberate indifference to an inmate's ability to rehabilitate, in violation of the Eighth Amendment.

"The Constitution does not mandate comfortable prisons . . . but neither does it permit inhumane ones, and it is now settled that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (quoting *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995) (per curiam) (internal quotations omitted)). Prison officials are required to provide humane conditions of confinement and

ensure that inmates receive adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Conditions that result in "unquestioned and serious deprivations of basic human needs" or "deprive inmates of the minimal civilized measure of life's necessities" violate the Eighth Amendment. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *see also Hudson v. McMillian*, 503 U.S. 1, 8-10 (1992).

"Deliberate indifference is an "extremely high standard to meet." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). A constitutional violation under the Eighth Amendment occurs only when two requirements are met. "First, there is an objective requirement that the condition must be so serious as to deprive prisoners of the minimal civilized measure of life's necessities, as when it denies the prisoner some basic human need." *Woods*, 51 F.3d at 581 (internal quotations and citation omitted). To prove a constitutional violation, an inmate need not show that a death or serious injury already has occurred, but rather that there is a "substantial risk of serious harm." *Ball v. LeBlanc*, 792 F.3d 584, 593 (5th Cir. 2015) (citing *Gates v. Cook*, 376 F.3d 323, 333 (5th Cir. 2004)).

"Second, under a subjective standard, [the court] must determine whether the prison official responsible was deliberately indifferent to inmate health and safety." *Woods*, 51 F.3d at 581 (internal quotations and citation omitted). Deliberate indifference is more than mere negligence. *Farmer*, 511 U.S. at 835. To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference

could be drawn that a substantial risk of serious harm exists and he must also draw the inference. *Id.* at 837.

Plaintiff's allegations reflect that: (1) he has worked as both a boiler operator and a garment factory worker during his time at the McConnell Unit; (2) there were no safety concerns with his jobs; (3) as a garment factory worker, he worked five eight-hour shifts per week; and (4) as a boiler operator in his current job, he works four twelve-hour night shifts and then has four days off. Plaintiff testified at the *Spears* hearing that he is currently in good health. Accepting Plaintiff's allegations as true, Plaintiff provides nothing to suggest that he has been exposed to a substantial risk of serious harm in his work environment at the McConnell Unit.

In addition, Plaintiff has cited no authority to suggest that Defendants acted with the requisite deliberate indifference to his health and well-being by failing to change existing policies and provide certain motivators and monetary incentives to him and his fellow inmates as part of their work assignments. The Fifth Circuit has expressly held that the Eighth Amendment does not require prison officials to provide prisoners with any rehabilitation programs. *See Newman v. State of Alabama*, 559 F.2d 283, 291 (5th Cir. 1977) ("Failure of prison authorities to provide a rehabilitation program, by itself, does not constitute cruel and unusual punishment) (citing *McCray v. Sullivan*, 509 F.2d 1332, 1335 (5th Cir. 1975)), *rev'd in part on other grounds by Alabama v. Pugh*, 438 U.S. 781 (1978). The Fifth Circuit in *Newman* explained that:

> If the State furnishes its prisoners with reasonably adequate food, clothing, shelter, sanitation, medical care, and personal safety, so as to avoid the imposition of cruel and unusual punishment, that ends its obligations under

> Amendment Eight. The Constitution does not require that prisoners, as individuals or as a group, be provided with any and every amenity which some person may think is needed to avoid mental, physical, and emotional deterioration.

*Newman*, 559 F.2d at 291.

Accordingly, the undersigned respectfully recommends that Plaintiff's deliberate claim be dismissed with prejudice for failure to state a claim for relief.

### D. Class Action

Plaintiff seeks to represent over 200 inmates who he claims are similarly situated to him. (D.E. 4). Requests for class certification by a prisoner acting *pro se* are generally denied because the prisoner cannot "fairly and adequately protect the interests of the class." *See* Fed. R. Civ. P. 23(a)(4) (one of the four prerequisites for class certification is a finding that the representative party can "fairly and adequately protect the interests of the class"); *Ali v. Immigration and Customs Enforcement*, No. 1:16-CV-037, 2017 WL 881102, at (N.D. Tex. Feb. 2, 2017) (denying motion to certify class filed by an immigration detainee proceeding *pro se* because he failed to show "he could fairly and adequately protect the interests of a purported class of other [immigration] detainees"). Because Plaintiff fails to show that he can properly serve as a representative party in a class action, the undersigned respectfully recommends that Plaintiff's request to proceed as a class action be denied.

### V. CONCLUSION

Because Plaintiff has failed to state a cognizable constitutional claim in this action against Defendants, it is respectfully recommended that Plaintiff's complaint be

11 / 13

**DISMISSED with prejudice** for failure to state a claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). It is respectfully recommended further that Plaintiff's request for class certification (D.E. 4) be **DENIED**. Finally, it is recommended that this dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the Clerk of Court be instructed to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov. Finally, it is recommended that this dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the Clerk of Court be instructed to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

Respectfully submitted this 24th day of February 2020.

_Jason Libby_
Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).